UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:94CR269(JCH) |
| ) | |
| STEVEN MCKINNEY, ) | |
| ) | |
| Defendant. ) | |

## AMENDED ORDER

On December 6, 2002, a hearing was held in this Court on the first amended petition to revoke defendant's period of supervised release imposed in the above-styled matter. At the hearing, evidence and testimony were presented. The Court found that defendant, Steven McKinney, violated the general conditions of his supervised release based upon his commission of a federal crime; the possession of a firearm on January 25, 2002; defendant violated Condition No. 2 of the supervised release by failing to report to the United States Probation Office on January 22, 2001; defendant violated Condition No. 6 of his supervised release by failing to notify the probation officer of his change of residency; and that defendant violated Special Condition No.1 of his supervised release by failing to report to Gateway Free and Clean for drug treatment on December 18, 2001, and January 3, 2002. Mr. McKinney was then sentenced to the custody of the Bureau of Prisons for sixty (60) months. After further review, the Court finds that said period of incarceration is longer than what is allowed by statute and the sentencing guidelines.

Mr. McKinney was originally sentenced by this Court on February 24, 1995, for a violation of 18 U.S.C. § 922(g)(1), a class C felony. Mr. McKinney's criminal history category at the time he

was originally sentenced was Category VI. The Court finds pursuant to § 7B1.1(a)(1)(B) that Mr. McKinney's conviction for possession of a firearm on January 25, 2002, an offense punishable by a term of imprisonment exceeding 20 years, is a grade A violation. The other violations found by the Court on December 6, 2002, were grade C violations. Pursuant to U.S.S.G. § 7B1.1(b), where there is more than one violation of the conditions of supervision, the grade of violation is determined by the violation having the most serious grade. Accordingly, Mr. McKinney's grade of violation is A and, pursuant to § 7B1.4, the range of imprisonment applicable upon revocation is 33 to 41 months. However, this guideline range exceeds the maximum period of imprisonment allowed by statute. The maximum period of imprisonment that may be imposed when an individual's period of supervised release imposed as a result of a conviction for a class C felony is revoked is 24 months. 18 U.S.C. § 3583(e)(3). In those cases where the maximum statutory period of imprisonment that may be imposed upon the revocation of a defendant's supervised release is less than the guideline range, U.S.S.G. § 7B1.4(b)(1) provides that the statutory maximum term shall become the guideline range. Accordingly, this Court sentences Mr. McKinney to be committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 24 months. It is further recommended that the sentence imposed shall be ordered to run consecutive to the sentence imposed on November 26, 2002, in Case No. 4:02CR56DJS. In all other respects, the terms and conditions of this Court's Order and Judgment entered on December 6, 2002, remains unchanged.

SO ORDERED:

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2005.